Green, J.
delivered the opinion of the court.
This bill is brought by the complainant as assignee of Wil- *175 Jiam Broomfield, who was in possession of the land at the passage of the law to dispose of the Ocoee District, and also at the time said lands were surveyed, and consequently was entitled to a preference of entry over all others, of said quarter section. The act of 1889, ch. 8, authorizes the entry of less than a quarter section, and on the 3rdtof February, 1840, Meedy Broomfield with the consent of the said. William, entered forty acres of the quarter section, including the whole of the said William’s improvement. Afterwards the said Meedy moved upon another part of said quarter, without the boundary of this said entry, made an improvement, and dying, left the defendant, his widow, in possession thereof, and on the 5th day of April, 1841, she entered forty acres in the north east corner of said quarter, including her improvement aforesaid, as an occupant, by virtue of the act of 1839, ch: 83.
The question is whether the entry of Meedy Broomfield, of the forty acres, including William Broomfield’s improvement, took away the said William’s preference of entry to the remainder of the quarter section. The complainant insists it does not; that as William Broomfield proved his occupant right and assigned it to him, be is entitled to enter the said north east quarter, and that the title acquired by the defendant should be divested, and vested in him. By the 5th and 8th sections of the act of 1837, cH. 2, an occupant was entitled to a preference of entry of the quarter section on which he resided, to include his improvements. It is insisted by the defendant, that as in the first section of the act of1839, ch. 8, it is declared that the benefits of that act shall be enjoyed, subject to “such restrictions as are prescribed by the act of 1837,” and as that also provides for the payment to an occupant, for his improvement, provided it should be entered by another, the correct construction of the second section of the act of 1839, ch. 8, is that if an occupant enters less than an entire quarter section, he must include his improvement, and that if he makes an entry of only forty acres to include his improvement, he has exhausted his occupant right, and cannot entér' as an occupant, any other part of the quarter section; consequently, that the entry made by Meedy Broomfield of forty acres to include William *176 Broomfield’s improvement, deprived William of any right |o a preference of entry for the remaining part of the quarter section. .
We do not concur with the defendant in this construction. ' The first proviso to the first section of the act of 1839, ch. 8, declares -that nothing in the act shall be construed to abridge the right and benefits secured to occupants by said act. But' that act as well as the act it was intended to amend, secured to occupants the right to a preference of entry of a.quarter section of land. If nothing contained in it, shall abridge that right, certainly the construction of the second' section contended for by the defendant must be erroneous. If he is necessarily confined to his improvement, he would be deprived of all right of occupancy, should a general enterer choose to enter-forty acres to include his improvements at a higher price than he was willing to give, and thus the provisions of the act would abridge his rights and benefits, a consequence which the proviso declares should not result from anything in the act. Again; the improvement might be near one corner of the quarter section, and be surrounded by land of veiy little value; while the opposite corner of the quarter might be of great value. In this case according to the construction contended for, ,the occupant could not enter these forty acres of good land, unless he entered the entire quarter section, at a price greater than it was worth— while any general enterer might come and take the only valuable part of the quarter at a great bargain. The occupant would thus be placed under the necessity of abandoning his right of occupancy, and of entering the valuable corner of his quarter, as a general enterer, (provided he could be fortunate enough to be the first to offer an entry for it,) or of seeing all the best portion of his occupant right taken by others. This consequence, resulting from the second section of the act of 1S39, ch. 8, would place the occupant in a much worse situation than he was in by the operation of the act of 1837, for as by that act, less than a quarter or fractional quarter could not be entered, there was therefore no danger that a general enterer! would take a quarter section on which an occupant lived, until-the price would come down to the value of the land, and then *177 the occupant having a preference of entry, might secure his land ata fair price if he chose. But the second section of the act of 1839, by permitting the fourth of a quarter tobe entered, gives general enterers a decided advantage over occupants, if the defendant’s construction prevails.
But such a consequence, the proviso to the first section, declares shall not result from any construction to be given to the act. We think therefore, that the second section of the act of 1839, ch. 8, by allowing “any person” to. enter less than a quarter section, dispenses with the requisition, that the improvement of an occupant shall be included in his entry, in cases where less than the quarter section shall be entered; and that an occupant mightenter a part of his quarter section at one time and another part subsequently, and consequently that the entry of Meedy Broomfield of forty acres did not taire away the right of occupancy and preference of entry of William Broomfield, to the remaining part of the quarter section on which he lived.
The defendant could acquire no right of occupancy, so as to authorize her entry; because William Broomfield, having been in possession at the date of the survey of the land, and at the date of the passage of the act of 1837, ch. 2, was entitled by the provisions of that act to exclusive possession, and preference of entry thereof. Let the decree be affirmed.